*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS I. GAGE,

        Plaintiff,

v.

WELLS FARGO BANK, N.A. AS, and
MR. LUKE ANDERSEN & MRS.
HELENA ANDERSEN,
        Defendants.

Civil Action No.: 12-777 (FLW)

OPINION

**WOLFSON, United States District Judge**:

    This is another one of many cases brought by pro se Plaintiff Thomas Gage ("Gage" or "Plaintiff") in this Court related to a state court judgment of foreclosure on his former home. In the instant matter, Defendants Wells Fargo Bank N.A. AS ("Wells Fargo"), Mr. Luke Andersen and Mrs. Helena Andersen (collectively, "the Andersens") move separately to dismiss the Complaint against them.[1] In addition, the Andersens move to discharge the lis pendens filed by Gage on their property, and request the Court to issue an injunction to enjoin Gage from using the Andersens' address as his own. For the reasons that follow, the Court **GRANTS** both Defendants' motions to dismiss, **GRANTS** the Andersens' motion to discharge lis pendens, and **GRANTS** the Andersens' request for an injunction. Moreover, the Court enjoins Gage from filing any further related claims as a pro se litigant without leave of the Court pursuant to the All Writs Act, 28 U.S.C. § 1651.

---

[1]     Plaintiff filed a sur-reply in connection with the motion to dismiss filed by Wells Fargo. While Wells Fargo accurately submits that Plaintiff did not obtain leave of court before filing his sur-reply, the Court will nonetheless consider all of Plaintiff's arguments in this Opinion.

## I. Background

Gage has been a frequent, vexatious litigant before this Court and other courts, and after numerous failed attempts, he once again brings suit based upon many of the same factual allegations that failed before. To conserve judicial resources, the Court will only briefly recite the facts necessary to deciding the instant Motion.

Gage previously resided at 51 Hillcrest Boulevard, Warren, New Jersey ("the Property"). In 2008, Gage defaulted on his mortgage, and Wells Fargo, the assignee of the mortgage, filed a foreclosure complaint in the Superior Court of New Jersey. In that state court action, Gage failed to file a responsive pleading or contest the matter in any way. Thus, a final judgment of foreclosure was entered on April 13, 2010. A Sheriff's Sale was then held on July 6, 2010, and the Property was sold to Wells Fargo. Yet, despite these proceedings, Gage refused to leave the Property. Accordingly, Gage and his family were evicted by Sheriff Frank J. Provenzano in August, 2011, and the Property was later sold to the Andersens in October, 2011.

Prior to the sale of the Property, Gage filed his first complaint related to the foreclosure before this Court seeking to overturn the judgment of foreclosure. In that matter, Gage alleged, as he alleges here, that Wells Fargo never owned the mortgage to the Property, and therefore, had no right to foreclose upon it. Gage further alleged that Wells Fargo and Sheriff Provenzano committed criminal acts throughout the foreclosure process. See Gage v. Wells Fargo Bank, N.A., Civ. A. No. 11-862 (FLW), 2011 U.S. Dist. LEXIS 102758 at *13, *15 (D.N.J. Sept. 9, 2011) (hereafter "Gage I"). Because granting Gage's request for relief would have invalidated a final state court judgment, this Court dismissed his claims pursuant to the Rooker-Feldman doctrine. Id. at *17. Gage then appealed that judgment to the Third Circuit, which summarily

affirmed the dismissal. See Gage v. Wells Fargo Bank, NA, No. 12-1745, 2013 U.S. App. LEXIS 6194 (3d Cir. Mar. 28, 2013).

Undeterred by the Court's dismissal, on February 9, 2012, Gage filed the instant Complaint. Essentially, Gage repeats the same allegations he asserted in Gage I, but adds unclear and vague allegations of conversion and various crimes against all Defendants. In Count I, Gage alleges that Wells Fargo had no right to foreclose upon his home. Count II alleges that Wells Fargo procured the foreclosure through fraud. Plaintiff, in Count III, accuses Sheriff Provenzano of fraudulently conducting the Sheriff's Sale. In that regard, Plaintiff further avers in Count IV that Sheriff Provenzano, under the direction of Wells Fargo, caused the destruction of his personal property during the eviction process. Lastly, Plaintiff claims in Count V that the Andersens are in unlawful possession of Gage's real and personal property, and violated 18 U.S.C. §§ 1505 and 1510 by failing to comply with a subpoena. Consistent with his pattern of vexatious litigation, Gage also filed a Notice of Lis Pendens in the Somerset County Clerk's Office on February 28, 2012,[2] which has prevented the Andersens from refinancing their home.

The Court will first turn to Defendants' motion to dismiss, and then address the Andersens' request for injunctive relief and discharge of the Lis Pendens.

## II. Discussion

### A. Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

---

[2] This is the third Notice of Lis Pendens Gage has filed related to the foreclosure of his home of which this Court is aware. The first was filed in March, 2012 for matters that were, at the time, no longer pending. The second was filed on May 10, 2012, and was dismissed by this Court because Gage had no legal basis for such filing. See Letter Order dated June, 13, 2012.

to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. The Court held that the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. In affirming that Twombly standards apply to all motions to dismiss, the Court explained: First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 681. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Moreover, in deciding a motion to dismiss, "a court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim." Lum v. Bank of Am., 361 F.3d 217, 222 (3d Cir. 2004).

Recently, the Third Circuit reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "some claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means, for example, that "it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (citation and quotations omitted).

**B. Claims against Wells Fargo**

In Count I, Gage alleges that Wells Fargo was an "imposter" and had no legal right to repossess his home. (Compl., p. 12.) In Count II, Gage alleges that Wells Fargo fraudulently foreclosed upon his property because "there is no evidence in any record" that Wells Fargo owned the mortgage note to the Property at the time of the foreclosure action. (Id. at p. 13.) Both of these claims are barred by res judicata. The law is clear that a final judgment on the merits will bar any future actions on identical claims between the parties and their privies. Bierley v. Dombrowski, 309 Fed. Appx. 594, 596-97 (3d Cir. 2009). The doctrine of res judicata bars a subsequent action when: (1) the prior decision was a final judgment on the merits; (2) the litigants or their privies are the same in each suit; and (3) the subsequent suit is based upon the same cause of action. U.S. v. Athlone Industries, Inc., 746 F.2d 977, 893 (3d Cir. 1984). Whether subsequent suits involve the same claim does not depend on the legal theory invoked, but rather it depends on "the essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citation and quotations omitted). Thus, res judicata prevents litigation of grounds for recovery that were previously available, even if not asserted. Brown v. Felsen, 442 U.S. 127, 131 (1979).

Applying the above framework, it is clear that this Court's judgment in Gage I, affirmed by the circuit court, was a final judgment on the merits; that suit involved the same parties as the present case -- namely, Gage and Wells Fargo. Thus, the issue is whether Counts I and II are "essentially similar" to Gage's already-litigated claims in Gage I. The Court does so find. Count I is virtually identical to Gage's prior claim that Wells Fargo "is an 'imposter' and that it does not have any 'rights'" to foreclose upon his home. Gage v. Wells Fargo, 2011 U.S. Dist. LEXIS 102758, at *13. Similarly, Count II repeats Gage's prior allegation that Wells Fargo had no right initiate a foreclosure action. See id. at *15. Both of these claims were considered and rejected by

this Court pursuant to the Rooker-Feldman doctrine. Now, based on this Court's prior holdings, the identical claims brought by Gage in this case are barred by res judicata. See e.g., Easley v. New Century Mortg. Corp., 394 Fed. Appx. 946, 948 (3d Cir. 2010) (holding that the claim previously barred by Rooker-Feldman would be barred by res judicata if that identical claim is brought in a subsequent proceeding). Accordingly, the Court dismisses Counts I and II against Wells Fargo.

Count III further alleges fraudulent foreclosure on the grounds that Sheriff Provenzano did not sell the Property for "[the amount] dictated by the State Court Order." (Compl., p. 15.) Importantly, however, this claim is not asserted against any of the defendants in this case. Instead, Gage merely mentions the "negligent acts" of Wells Fargo, (Compl., p. 14.), but he does not allege any facts connecting Wells Fargo's alleged negligence with Sheriff Provenzano's alleged failure to sell the Property according to the mandate of the state court's foreclosure order. Although this Court construes a pro se litigant's submissions liberally, Count III is devoid of any allegations against Wells Fargo *vis a vis* Sheriff Provenzano. Thus, the Court dismisses Count III.

In Count IV, Gage alleges that Sheriff Provenzano, under the direction of Wells Fargo, caused the "willful destruction and robbery" of Gage's furniture and belongings during the eviction process.[3] (Compl., p. 16.) Although the Complaint is unclear, Gage appears to argue that Wells Fargo is vicariously liable for Sheriff Provenzano's intentional acts. In order to succeed on this claim, Gage must show Sheriff Provenzano was an agent or employee of Wells Fargo. See Carter v. Reynolds, 175 N.J. 402, 408 (2003) (stating that "although as a general rule of tort law,

---

[3] Gage further notes that "willful destruction and robbery of private property are crimes." (Compl., p. 16.) To the extent that Gage alleges criminal wrongdoing, such arguments are not properly before the Court, as he has no private right of action for such claims. See Discussion of Count V, infra.

liability must be based on personal fault . . . a [principal] will be held liable in certain cases for the wrongful acts of his [agents] or employees"). Under New Jersey law, to establish a principal's liability for the acts of an agent/employee, a plaintiff must prove "(1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of the servant's employment." Id. Significantly, if no master-servant relationship exists, "no further inquiry need take place because the master-servant relationship is the *sine qua non*" of vicarious liability. Id. at 409.

Here, the Court finds no such relationship existed between Sheriff Provenzano and Wells Fargo at the time the Sheriff conducted the foreclosure on the Property. Indeed, Sheriff Provenzano cannot be characterized as an employee of Wells Fargo because he was conducting the foreclosure in his capacity as a sheriff, which, of course, is a public employee.[4] Clearly, Wells Fargo did not employ Sheriff Provenzano to carry out the state court's order of foreclosure; rather, the Sheriff was under the direction of a court order. With respect to agency, "the party seeking to impose liability upon an alleged principal . . . [has the] burden of proving the existence of an agency relationship." N. Rothenberg & Son, Inc. v. Nako, 49 N.J. Super. 372, 383 (App. Div. 1958) (citation omitted). To that end, Gage merely asserts that Wells Fargo was negligent and therefore responsible for Sheriff Provenzano's actions. These bare allegations are insufficient to demonstrate that an agency relationship existed.[5] Moreover, Sheriff Provenzano's

---

[4] Under the New Jersey Tort Claims Act, N.J.S.A 59:1-1 et seq., which governs tort claims against public entities and their employees, a "public employee" is defined as "an employee of a public entity." N.J.S.A. 59:1-3. Sheriff Provenzano clearly meets this definition.

[5] A party can prove the existence of an agency relationship by showing: (1) express or real authority has been definitely granted; (2) implied authority; that is, authority to do all that is proper, customarily incidental, and reasonably appropriate to the exercise of the authority granted; or (3) apparent authority, such as where the principal by words, conduct, or other indicative manifestations has "held out" the person to be its agent. Derbin v. Access Wealth

authority to sell the Property came from a court order — not from Wells Fargo. Therefore, Gage's agency argument, or lack thereof, necessarily fails. Hence, the Court dismisses Count IV, as Gage cannot show that Sheriff Provenzano was an employee or agent of Wells Fargo, and thus, Wells Fargo cannot be held vicariously liable for Sheriff Provenzano's actions.

Accordingly, all claims against Wells Fargo are dismissed.

### C. Claims against the Andersens

Lastly, in Count V, Gage claims that the Andersens are living in his home illegally and "hijacking" his personal property, and further alleges that the Andersens obstructed justice by refusing to comply with a subpoena, in violation of 18 U.S.C. §§ 1505 and 1510. (Compl., p. 17.) Insofar as Gage contests the Andersens' right to possess the Property, this claim is barred by the Rooker-Feldman doctrine. Under Rooker-Feldman, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). "[A] claim is barred by Rooker-Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action, or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Id. "[A] federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (citation omitted). Here, a determination that the Andersens are in unlawful possession of the Property, through their purchase from Wells Fargo, would require a finding that the state court erroneously entered the

---

Mgmt., LLC, Civ. A. No. 11-812 (FLW), 2011 U.S. Dist. LEXIS 115992, at *18 (D.N.J. Oct. 7, 2011); Hoddeson v. Koos Bros., 47 N.J. Super. 224, 232 (App. Div. 1957).

judgment of foreclosure, since Plaintiff's argument regarding the Andersens' illegal possession stems from his insistence that the foreclosure was illegal. Therefore, this claim is barred by Rooker-Feldman.

With respect to Gage's criminal allegations, 18 U.S.C. §§ 1505 and 1510 do not confer a private right of action. Gage claims that he has the right under federal subpoena law – under criminal statutes -- to serve the Andersens with subpoenas in this case. Gage further claims that failure to comply with his subpoena on the part of the Andersens is an obstruction of justice in violation of criminal statutes 18 U.S.C. §§ 1505 and 1510. Gage's contentions and legal theories are unfounded. For one, the subject subpoena was issued to Wells Fargo and filed by Gage in his previous case, Gage I; clearly, that case has been dismissed. In that regard, the subpoena has no relevance in this case against the Andersens. Next, and more fundamentally, "[a] private right of action to enforce a Federal Law is only established by Congress, and the judicial duty is to only interpret the statute." Touche Ross & Co. v. Redington, 442 U.S. 560, 579 (1979). In that regard, the Supreme Court held that private citizens can only enforce statutes that contain "'rights-creating language' and provide for a 'private remedy.'" Alexander v. Sandoval, 532 U.S. 275, 286 (2001). In light of this framework, 18 U.S.C. §§ 1505 and 1510 are criminal statutes and do not contain any "rights-creating language." Therefore, Gage does not have the authority to bring these claims against the Andersens. See Linda R.S. v. Richard D., 442 U.S. 614, 619 (1973) (stating "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Lastly, with respect to the Andersens' alleged conversion of Gage's personal property, the Court finds the Complaint facially insufficient. Gage has not specified any "hijacked"

property whatsoever, nor has he alleged any damages in connection therewith. Thus, the Court dismisses Count V in its entirety.

Finally, the Court notes that Gage's attempt to avoid dismissal in his Opposition Briefs with various additional nonsensical legal and factual claims cannot succeed. While Gage asserts a litany of criminal and civil violations against Defendants, none of them appear in his Complaint, and the Court cannot permit a plaintiff to amend his complaint through a legal brief. Amboy Bancorporation v. Bank Advisory Group, Inc., 432 Fed. Appx. 102, 111 (3d Cir. 2011). Moreover, Gage's allegations in his Opposition Briefs are couched in conclusory, incoherent terms and unsupported by any factual allegations. Thus, the Court cannot discern any legitimate claim.[6]

### D. Discharge of Lis Pendens

In addition to their motion to dismiss, the Andersens request an injunction to prevent Gage from using their address as his own, and move to discharge the Lis Pendens currently encumbering the Property. With respect to the requested injunction, the Court finds it appropriate to exercise its broad equitable powers to enjoin Gage from using the Andersens' home address as his own. See Nat'l Sec. Sys. v. Iola, 700 F.3d 65, 85 (3d Cir. 2012) (holding that equitable discretion enables a court to shape relief to fit its view of the balance of the equities and hardships, and once that power is invoked, the scope of a district court's equitable powers is broad, as breadth and flexibility are inherent in equitable remedies) (internal citations and quotations omitted). As the Court has repeatedly found, Gage is no longer the lawful owner of

---

[6] The Court notes that Gage has included additional defendants in his reply papers. These defendants are not properly added as Gage has not moved to amend the instant Complaint to include them. That said, however, it appears Gage has named these additional defendants in yet another new suit before this Court. See Gage v. Wells Fargo, et al., Civil Action No. 13-2256 (FLW).

the Property. Plaintiff's frivolous – and continuous -- legal maneuvers are severely prejudicing, and directly harming, the Andersens. To permit Gage to persist in this regard would only serve to promote injustice. Accordingly, Gage is hereinafter precluded and enjoined from using 51 Hillcrest Blvd., Warren, New Jersey, as his own personal address for any purposes, unless and until such unlikely time that Gage becomes the lawful owner of the Property.

Concerning the Lis Pendens, the Court finds that it no longer serves a legitimate purpose. "The primary purpose of [a] lis pendens is to preserve the property which is the subject matter of the lawsuit from actions of the property owner so that judicial relief can be granted, if the plaintiff prevails." Manzo v. Shawmut Bank, N.A., 291 N.J. Super. 194, 200 (App. Div. 1996) (citation and quotations omitted). Under New Jersey law, a party may move to discharge a lis pendens for a plaintiff's failure to diligently prosecute its case, or for other good cause shown. N.J.S.A. 2A:15-10. When a motion to discharge a lis pendens is made, "the determination of the court will depend on 'whether there is a probability that [a] final judgment will be entered in favor of the plaintiff sufficient to justify the continuation'" of the lis pendens. Fravega v. Security Savings and Loan Assoc., 192 N.J. Super. 213, 218 (Ch. Div. 1983) (citations omitted). Here, in light of Gage's frequent, unsuccessful attempts at overturning the judgment of foreclosure against him, the Court finds it highly unlikely, if not impossible, that a final judgment will be entered in his favor. Moreover, and more importantly, the Court has twice found that Gage's claims related to the state court foreclosure action have no merit. Therefore, the Lis Pendens clearly does not serve its "primary purpose," and in fact, the filing of which is frivolous. Moreover, the Andersens have been unable to refinance their home due to the Lis Pendens, and thereby have suffered significant financial hardship. These are precisely the sort of

circumstances that militate in favor of discharging a <u>lis pendens</u>. Accordingly, the Andersens' Motion to Discharge Lis Pendens is granted.

### E. All Writs Injunction

Finally, the Court finds that this action and the many related lawsuits filed by Gage demonstrate a pattern of abusing the litigation process. In light of Gage's irresponsible litigation behavior, the Court must ensure that its limited resources are allocated in such a manner that protects and promotes the interests of justice. Pursuant to the All Writs Act, 28 U.S.C. 1651, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law." 28 U.S.C. § 1651(a). In that connection, the Third Circuit emphasized that Section 1651(a) authorizes district courts to issue an injunction, thereby restricting federal court access to parties who repeatedly file frivolous lawsuits. <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329, 332 (3d Cir. 1990).

While the Court should be flexible when dealing with pro se litigants, <u>see</u> <u>In re McDonald</u>, 489 U.S. 180, 184 (1972), and the injunction is an extreme remedy, I must ensure that the Court's limited resources are allocated in such a manner as to protect and promote the interests of justice. No plaintiff should be permitted to repeatedly abuse the judicial system for his/her own gain. Here, such a restraint against Plaintiff is indeed warranted and needed to prevent Plaintiff from filing any more baseless, frivolous and abusive complaints. <u>See</u> <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Gage's claims have been litigated and re-litigated multiple times in state and federal courts. Egregiously, during the pendency of this case, Plaintiff filed yet another civil action before this Court against, <u>inter alia</u>, Wells Fargo

under a substantially identical set of facts and asserted virtually the same claims. See Gage v. Wells Fargo, et al., Civil Action No. 13-2256 (FLW).[7] Although Plaintiff adds as defendants in this case, the Andersens, and includes new theories of liability against them -- i.e., criminal complaints against the Andersens -- those claims are similarly frivolous and relate to the already-dismissed claims previously brought by Plaintiff. As such, these new additions, do not save Plaintiff's Complaint from being dismissed as frivolous and baseless. Clearly, Plaintiff does not have the authority to bring any criminal complaints against any of the defendants. See Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1984) ("a plaintiff cannot recover civil damages for an alleged violation of a criminal statute"); Fiorino v. Turner, 476 F. Supp. 962, 963 (D. Mass. 1979) (finding that violations of criminal statutes do not give rise to a civil cause of action); U.S. ex rel. Savage v. Arnold, 403 F. Supp. 172, 173 n.1 (E.D. Pa. 1975) (finding that the criminal statutes upon which the plaintiff based his complaint do not allow for a civil remedy). In fact, no matter how Plaintiff recasts his claims, so long as those claims involve the same factual predicates that have already been litigated, Plaintiff is precluded from bringing them.

In sum, as result of his multiple filings, Plaintiff has subjected many defendants to unnecessary court proceedings, and has in turn, wasted valuable judicial resources.[8] It is time for

---

[7] Interestingly, in that new case, Gage appears to have elevated himself from pro se status to Private Attorney General. Whatever that title means, the complaint in that new suit is clearly brought by Gage as a pro se litigant.

[8] See e.g., Gage v. Wells Fargo Bank, N.A., Civ. A. No. 11-862 (FLW), 2011 U.S. Dist. LEXIS 102758 (D.N.J. Sept. 9, 2011); Gage v. Jacobson, Civ. A. No. 11-6271 (FLW), 2012 U.S. Dist. LEXIS 49 (D.N.J. Jan. 3, 2012); Gage v. Provenzano, Civ. A. No. 11-862 (FLW), 2012 U.S. Dist. LEXIS 28682 (D.N.J. Mar. 5, 2012); Gage v. Twp. of Warren, Civ. A. No. 3:09-cv-519 (FLW), 2009 U.S. Dist. LEXIS 48743 (D.N.J. June 10, 2009); Gage v. Warren Twp. Comm., Civ. A. No. 11-1501, 2011 U.S. Dist. LEXIS 137134 (D.N.J. Nov. 29, 2011); Gage v. Kumpf, Civ. A. No. 12-2620 (FLW), 2012 U.S. Dist. LEXIS 163084 (D.N.J. Nov. 15, 2012); Gage v. Wells Fargo Bank, NA, No. 12-1745, 2013 U.S. App. LEXIS 6194 (3d Cir. Mar. 28,

finality in this long and tortured history of litigation involving the foreclosure action of the Property. Therefore, in the interest of promoting judicial efficiency and deterring further frivolous filings, this Court enjoins Plaintiff Thomas Gage, when proceeding pro se, from filing a complaint against any of the defendants herein or any employee, agent, or attorney thereof, in the United States District Court, District of Jersey, relating to the state court foreclosure action of the property located at 51 Hillcrest Boulevard, Warren, New Jersey, without prior leave of this Court. See Perry v. Gold & Laine, P.C., 371 F. Supp.2d 622, 632 (D.N.J. 2005) (issuing a similar injunction against a pro se plaintiff); Smith v. Litton Loan Servicing, LP, No. 04-2846, 2005 WL 289927 (E.D. Pa. Feb. 4, 2005) (issuing a similar injunction against pro se plaintiffs). In that regard, leave of court will be freely granted upon Gage showing through a properly filed petition that a specific proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11. The Order and Injunction to follow will not apply to the filing of timely notices of appeal from this Court to the Third Circuit Court of Appeals and papers solely in furtherance of such appeals.

---

2013); Gage v. Wells Fargo Bank, NA, 450 Fed. Appx. 121 (3d Cir. 2011); Gage v. Warren Twp. Comm. & Planning Bd. Mbrs, 463 Fed. Appx. 68 (3d Cir. 2012); Gage v. New Jersey, 408 Fed. Appx. 622 (3d Cir. 2010). In addition to the numerous failed filings in federal court, Gage also has a history of unsuccessful litigation in state court. See e.g., Gage v. Sleepy Hollow of Warren, LLC, Dkt. No. A-5679-08T3, 2010 N.J. Super. Unpub. LEXIS 2513 (App. Div. Oct. 18, 2010).

**III. Conclusion**

For the reasons set forth above, the Court **GRANTS** Defendants' motions to dismiss on all counts. Furthermore, the Court **GRANTS** the Andersen's motion to discharge lis pendens, and their request to enjoin Gage from using their home address as Gage's own. Moreover, exercising this Court's inherent injunction powers, the Court enjoins Gage, as a pro se litigant, from filing any claims involving the foreclosure action of the property at 51 Hillcrest Blvd in Warren, New Jersey, without prior leave of the Court pursuant to the All Writs Act, 28 U.S.C. § 1651.


Dated: July 9, 2013                                                        /s/ Freda L. Wolfson
                                                                                     Freda L. Wolfson, U.S.D.J.